[No. 35321.  *En Banc.*  October 20, 1960.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LEWIS DALE AICHELE, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Smithmoore P. Myers,* for petitioner.

*The Attorney General, Lawrence Ross* and *Stephen C. Way, Assistants,* for respondent.

HUNTER, J.—The petitioner, Lewis Dale Aichele, hereinafter called the defendant, was charged with the crime of second-degree burglary, in the Superior Court for Yakima County.  Upon the defendant's plea of guilty, the court entered an order deferring sentence.  The order was subsequently revoked and the defendant was sentenced to the state penitentiary at Walla Walla.  This matter comes before us on a petition for a writ of *habeas corpus,* as an original petition filed in this court.

The question raised by the petition is whether the de-

'Reported in 356 P. (2d) 326.

fendant was properly advised of his right to counsel and whether he competently and intelligently waived such right.

At the defendant's arraignment on February 18, 1948, the following occurred:

"THE COURT: Is your true name Lewis Aichele? MR. AICHELE: Yes, sir. . . . THE COURT: How old are you? MR. AICHELE: Eighteen, sir. THE COURT: Do you understand this charge? MR. AICHELE: Yes, sir. THE COURT: Have you talked to an attorney? MR. AICHELE: What? THE COURT: Have you talked to an attorney about this case? MR. AICHELE: No, sir. THE COURT: You would have the right to see an attorney before pleading, if you would like to have one. MR. AICHELE: No, sir. THE COURT: Are you ready at this time to enter your plea? MR. AICHELE: Yes, sir. THE COURT: What is your plea, guilty or not guilty? MR. AICHELE: Guilty."

■ This court said in *In re Wilken v. Squier*, 50 Wn. (2d) 58, 309 P. (2d) 746 (1957):

"The right of an accused to appear and defend by counsel is expressly guaranteed by Art. I, § 22 (amendment 10) of the state constitution. In furtherance of this constitutional guarantee, RCW 10.01.110 and 10.40.030 imposes upon the court three duties; (1) to inform the defendant that it is his right to have counsel before being arraigned; (2) to ascertain whether because of the defendant's poverty he is unable to employ counsel, in which event, the court must inform the defendant that the court shall appoint counsel for the defendant at public expense if he so desires; (3) to ask whether the defendant desires the aid of counsel.
" . . .
"The plain mandate of our statute imposes a duty on the court to inform a defendant of his constitutional right to have the aid of counsel. Without this information or prior knowledge of his right, a defendant cannot waive his right 'intelligently and competently.' Merely asking the defendant whether he wants a lawyer does not convey the information that he is entitled to a lawyer at public expense if he is an indigent person, nor does it impress upon him the importance of having legal representation if his rights are to be fully protected. Thus, an indigent defendant's waiver may be made under the mistaken impression that, since he cannot afford to pay a lawyer, he cannot have legal representation."

We applied the doctrine of the *Wilken* case in the recent

case of *In re Wakefield v. Rhay, ante* p. 168, 356 P. (2d) 596 (1960), where as in the instant case, the record showed (1) that the court did not ascertain whether, because of the defendant's poverty, he was unable to employ counsel, and (2) that he was not informed of his right to counsel at public expense. In the *Wakefield* case, we concluded:

".  .  . that the defendant was not in possession of such knowledge as would permit him 'intelligently and competently' to waive his right to counsel. As a result, the defendant was deprived of a right guaranteed to him by Art. I, § 22 (amendment 10) of the state constitution."

The same conclusion must be drawn from the record in the instant case.

The judgment and sentence of the Superior Court for Yakima County is hereby vacated with the direction that the defendant, Lewis Aichele, be remanded to the custody of the sheriff of Yakima county to answer the charge of the information, and to be dealt with by the superior court for that county according to law and in a manner consistent with the views expressed herein.

DONWORTH, FINLEY, ROSELLINI, and FOSTER, JJ., concur.

ROSELLINI, J. (concurring) — I concur for the reasons stated in my concurring opinion in *In re Wakefield v. Rhay, ante* p. 168, 356 P. (2d) 596.

MALLERY, J. (dissenting)—I dissent for the reasons stated in my dissent in *In re Wakefield v. Rhay, ante* p. 168, 356 P. (2d) 596.

WEAVER, C. J., HILL, and OTT, JJ., concur with MALLERY, J.

---

December 12, 1960. Petition for rehearing denied.