Commonwealth ex rel. Brown, Appellant, *v.*
Hendrick.

Submitted September 16, 1971. Before WRIGHT,
P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
SPAULDING, and CERCONE, JJ.

*Dennis T. Kelly,* Assistant Defender, and *Vincent
J. Ziccardi,* Defender, for relator, appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for respondent, appellee.

OPINION BY WATKINS, J., November 11, 1971:

This is an appeal from the order of the Court of Common Pleas, Family Division, of Philadelphia County denying Benjamin Brown, the appellant-relator, a hearing on a Petition for a Habeas Corpus.

The appellant was married to the relatrix on April 3, 1967, and they are the parents of two minor children born on April 26, 1968, and June 30, 1969, respectively.

The initial Petition for Support was brought under The Civil Procedural Support Law, 1953, July 13, P. L. 431, 62 P.S. §2043.31, on June 5, 1970. After hearing, an order of Forty-Two Dollars ($42.00) per month for the support of his wife and two minor children was entered on July 5, 1970.

The first attachment hearing was held on January 18, 1971, and because of his failure to comply with the order, he was committed to the House of Correction for sixty (60) days. The condition of release being the payment of Five Hundred Dollars ($500.00).

At the second attachment hearing on March 15, 1971, the defendant was ordered released and the matter listed for review in sixty (60) days. The third attachment hearing was held on May 4, 1971, at which hearing it was shown that the relatrix and her two children had been receiving Public Assistance of One Hundred and Twenty-Four ($124.00) semi-monthly. The court said: "The record clearly indicates that the defendant has not attempted to make any payments whatsoever, no matter how minimal or how sporadic, to comply with the original order of support entered on July 6, 1970, and such failure on his part appears to be so wilful (sic), deliberate and chronic as to make the conclusion

inescapable that he is in contempt of this court. Furthermore, the record shows no physical infirmity of disability on the part of the defendant which might preclude gainful employment. He appeared to be a young, able-bodied person." He was then ordered to pay Five Hundred Dollars ($500.00) on the support order or serve three (3) months in the House of Correction.

A Petition for a Writ of Habeas Corpus was filed on his behalf which set forth that his detention for nonsupport was a violation of equal protection and due process. The complaint set forth that: he was not represented by counsel at the attachment hearing; that he is not presently employed and at the time of the hearing was employed at a minimal wage; that the failure to pay was not willful but due to indigence and, therefore, not contemptuous; and that incarceration of an indigent for failure to pay a support order is a denial of equal protection of the law.

The record does not disclose whether the defendant was represented by counsel at the attachment hearing. He is represented in his petition for the writ and in this appeal. The law of Pennsylvania provides for both civil and criminal remedies for the support of wife and children. In the instant case, the action was civil. The appellant contends that although he may not have been entitled to counsel at the support hearing, that when his liberty was at stake in the contempt proceeding he was then entitled to counsel as a matter of due process.

In *Cooke v. United States*, 267 U.S. 517, 537 (1925), it was said: "Due process of law, therefore, in the prosecution of contempt, . . . requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of

counsel, if requested, and the right to call witnesses to give testimony relevant either to the issue of complete exculpation or in extenuation of the offense and mitigation of the penalty to be imposed." This was a 1925 case and the development of the law since that time would eliminate "as requested" where the rights of indigents are involved. See, *Coleman v. Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 (1970), where the right to counsel was extended to preliminary hearings.

The record is silent as to his earnings and earning power; his skill, his work record, education and ability to work. There was no attempt to find out the reason for his failure to work; only the answer: "I haven't been able to get a job. I've been trying, but I can't get one." The court seemed to rely entirely on his physical appearance. This is not enough. *Williams v. Illinois,* 399 U.S. 235, 26 L. Ed. 2d 586, 90 S. Ct. 2018 (1970); *Tate v. Short,* 401 U.S. 395, 91 S. Ct. 668 (1971); *Lindsey v. County of Cumberland,* Me. , 278 A. 2d 391 (1971); *Yoder v. County of Cumberland,* Me. , 278 A. 2d 379 (1971).

Grounds for denial of a Writ of Habeas Corpus, without a hearing, include frivolous petitions, petition clearly refuted by the record and petitions which raise legal questions that can be determined by the pleadings. *Commonwealth ex rel. Cunningham v. Myers,* 202 Pa. Superior Ct. 168, 195 A. 2d 798 (1963).

In the instant case, facts are alleged that need determination, specifically, the indigency of the relator and his good faith in seeking employment to enable him to meet the order of the court. See, *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 7, 222 A. 2d 918 (1966), where the court said: "In the instant case, having alleged facts which, if true, would entitle him to the issuance of the writ prayed for, appellant must

be afforded a hearing and the opportunity to establish the truth of his allegations."

The decision of the court below denying the Petition for a Writ of Habeas Corpus, without hearing, is reversed and the case remanded for the purpose of a hearing on the Writ in order to determine the facts of indigency and his ability to pay the order.