ELEANOR TETRO, *Respondent*, v. NAPOLEON BONAPARTE TETRO, JR., *Appellant*.

THE STATE OF WASHINGTON, *on the Relation of Linda M. Smith, Respondent*, v. EDWARD SCOLLARD, *Petitioner*.

*Roger Coombs, Norman R. McNulty, Jr.*, and *Christopher John Sheldon* of *Spokane County Legal Services*, for appellant.

*Slade Gorton, Attorney General*, and *Garry E. Wegner, Assistant*, for respondent.

*Sidney E. Wurzburg* and *Jeffrey H. Hartje*, amici curiae, on behalf of Gonzaga University School of Law.

UTTER, J.—This consolidated appeal and petition for cer-

tiorari raise the question of the right to appointed counsel of indigent persons charged with contempt for noncompliance with a child support order. Appellant Napoleon Bonaparte Tetro, Jr., was sentenced to 30 days in jail for failing to make court-ordered support payments, in a summary hearing at which he was not advised of any right to have an attorney appointed to represent him. Petitioner Edward Scollard was ordered to appear and show cause why he should not be held in contempt for violating a support decree, and was denied court-appointed counsel upon his motion therefor. In both appellant's and petitioner's cases the trial court specifically ruled that there is no statutory or constitutional right to state-paid counsel in show cause hearings. We find there is such a right whenever a contempt hearing may result in a jail sentence, and reverse the trial court.

The right of indigents to have counsel appointed to represent them in judicial proceedings has several constitutional sources. Where criminal charges punishable by loss of liberty are involved, the sixth amendment to the United States Constitution applies and requires that defendants who cannot afford to hire an attorney be provided one by the state. *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733 (1963). The same requirement inheres in Const. art. 1, § 22 (amendment 10) and is implemented by several sections of our code (RCW 10.01.110, 10.40.030, 10.46.050) and court rules (CrR 3.1, JCrR 2.11). *McInturf v. Horton*, 85 Wn.2d 704, 538 P.2d 499 (1975).

Outside the purely criminal area, the right to legal representation is somewhat less broad and well defined. Absent special statutory guarantees, the appointment of counsel is constitutionally required only when procedural fairness demands it. In proceedings civil in form but criminal in nature—such as juvenile delinquency or mental commitment hearings—representation is clearly part of due process. *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct.

1428 (1967); *Heryford v. Parker*, 396 F.2d 393 (10th Cir. 1968); *Lessard v. Schmidt*, 349 F. Supp. 1078 (E.D. Wis. 1972). But in cases where the individual's right to remain unconditionally at liberty is not at issue—such as child neglect or parole revocation hearings—the right to counsel turns on the particular nature of the proceedings and questions involved. *Compare In re Myricks*, 85 Wn.2d 252, 533 P.2d.841 (1975) *and In re Luscier*, 84 Wn.2d 135, 524 P.2d 906 (1974) *with Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973).

The appellant and petitioner in these cases were not technically criminal defendants. The prosecutor and court did not proceed against them under RCW 9.23.010, the criminal contempt statute, but under RCW 7.20, which provides for punishing "civil" contempt. Nonetheless, the proceedings had all the trappings of criminal trials. Defendants were complained against by the county prosecutor, required to appear and defend against charges of past illegal conduct, and, most importantly, faced with the possibility of imprisonment if their defenses were not successful. In the past, we have recognized that contempt hearings such as these are "quasi-criminal" in nature. *Keller v. Keller*, 52 Wn.2d 84, 86, 323 P.2d 231 (1958); *State ex rel. Dailey v. Dailey*, 164 Wash. 140, 144, 2 P.2d 79 (1931). But insofar as the right to counsel is concerned, the label put on proceedings is less important than the threat of imprisonment they entail. It was this threat that the court in *Argersinger v. Hamlin, supra*, held was determinative of the existence of the right to counsel in criminal cases. We echoed this holding, outside the purely criminal area, in *In re Luscier, supra* at 138:

> The distinction to be made in *Argersinger* is not whether a proceeding is "civil" or "criminal," but whether the individual will be deprived of *liberty*.

Whatever due process requires when other types of deprivation of liberty are potentially involved, when a judicial proceeding may result in the defendant being physically incarcerated, counsel is required regardless of whether the

trial is otherwise "criminal" in nature. The grim reality of a threatened jail sentence overshadows the technical distinctions between "criminal," "quasi-criminal," and "civil" violations and demands that the protection of legal advice and advocacy be given all persons faced with it. We thus join the great majority of courts which have addressed the issue and hold that, wherever a contempt adjudication may result in incarceration, the person accused of contempt must be provided with state-paid counsel if he or she is unable to afford private representation.[1] *See, e.g., In re Kilgo*, 484 F.2d 1215 (4th Cir. 1973); *In re Grand Jury Proceedings*, 468 F.2d 1368 (9th Cir. 1972); *Otton v. Zaborac*, 525 P.2d 537 (Alas. 1974); *Commonwealth ex rel. Brown v. Hendrick*, 220 Pa. Super. 225, 283 A.2d 722 (1971).

Accordingly, we reverse the trial court's denial of petitioner Scollard's motion for appointment of counsel. Further, because the right to counsel can only be waived knowingly and intelligently, by a person aware that it exists (*Aichele v. Rhay*, 57 Wn.2d 178, 356 P.2d 326 (1960)), we reverse the judgment against appellant Tetro, which was entered without his ever being advised of his right to state-paid representation.

The judgments of the trial court are reversed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

[1] The threat of imprisonment upon which we hold the right to counsel turns must be immediate. The mere possibility that an order in a hearing may later serve as the predicate for a contempt adjudication is not enough to entitle an indigent party therein to free legal assistance. Thus the state need not furnish counsel to defendants in child support suits which may subsequently result in orders the violation of which would be contemptuous.