ALASKA LEGAL SERVICES
CORPORATION, Appellant,

v.

Rachel Robertson THOMAS, Ronald
Gene Thomas, and State of
Alaska, Appellees.

No. 4482.

Supreme Court of Alaska.

Feb. 13, 1981.

---

Richard Brown and Donald E. Clocksin, Alaska Legal Services Corp., Anchorage, for appellant.

Thomas E. Fenton, Call, Haycraft & Fenton, Fairbanks, for appellees.

Effie E. Forde-Williamson, Legal Services Corp. and Michael B. Trister, Sobol & Trister, Washington, D. C., amicus curiae.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

The issue in this appeal is whether a trial court can order Alaska Legal Services Corporation to reimburse the state for attorney's fees paid by the state to counsel appointed for an indigent defendant when Alaska Legal Services represents the plaintiff.[1]

In this case Alaska Legal Services Corporation (ALSC) represented Rachel Robertson Thomas in a proceeding subsequent to her divorce from Ronald Gene Thomas. Mr. Thomas was ordered to show cause why he should not be held in contempt of court for violation of the terms of the decree of divorce. Mr. Thomas appeared at the hearing without an attorney and, since he qualified as an indigent, an attorney was appointed for him.[2] The court then entered a minute order directing that ALSC reimburse the state for the appointed attorney's time at the normal appointment rate. The ALSC attorney objected but was told to take the matter up with the supreme court.

Mr. Thomas' attorney submitted a Declaration re Attorney's Fees, and the court sent a copy of the approved declaration to ALSC requiring that ALSC reimburse the state. ALSC failed to reimburse the state, although it did contact the judge to explain why it should not have to pay the fees. The court then entered judgment against ALSC for $284 plus interest. ALSC appeals from this judgment.

■ Appellee's initial argument is that the amount involved in the appeal is so small as to be unworthy of the court's consideration. We find, however, that the superior court's decision has far-reaching implications. We are unpersuaded by the argument that the amount in controversy is "de minimis," and that we should, therefore, not consider this appeal.

Appellant argues that the court's decision violates state law and court rules, that the court's decision violates the federal Legal Services Corporation Act, and that complying with the court's decision would force ALSC attorneys to commit unethical acts. We need consider only the first argument.

Under AS 18.85.100(b) appointed counsel for indigents will be provided "at public expense,"[3] and it is this term in the statute that we must construe.[4] "At public ex-

---

1. Appellee raises the issue of whether a judgment may be entered against a non-party. We find no need to discuss that issue in this case.

2. The parties did not raise the question of whether Thomas was entitled to appointed counsel. *See Otton v. Zaborac*, 525 P.2d 537 (Alaska 1974), where we held that an indigent in a contempt proceeding for failure to make child support payments has a right to court-appointed counsel.

3. The statute reads:
   "*Sec. 18.85.100. Right to representation, services and facilities.*

   (b) The attorney services and facilities and the court costs shall be provided *at public expense* to the extent that the person, at the time the court determines indigency, is unable to provide for payment without undue hardship...." (emphasis added).

4. In this case, ALSC was ordered to pay the attorney's fees at the time counsel was appointed. Thus, the various Civil Rules that allow the prevailing party to receive its fees as part of the award or that award fees as sanctions for non-cooperation are inapplicable. Appellee argues that Civil Rule 71 gives the judge authority to enforce an order of the court. But that is

pense" is not defined in the statute, but an examination of the rest of AS 18.85 clarifies its meaning.

 Chapter 85 of Title 18 of Alaska Statutes deals with the public defender agency. The agency is created by AS 18.-85.010 "to serve the needs of indigent defendants." "If a court determines that the person is entitled to be represented by an attorney at public expense, it shall promptly notify the [public defender] agency or assign a private attorney for him under § 130 of this chapter." AS 18.85.110(d). AS 18.85.130(a) specifies that if the court makes the appointment, reasonable compensation and expenses "shall be paid by the court system." Paragraph (b) provides that if the agency contracts for private counsel for a defendant, "the public defender shall pay for these services out of appropriations to the agency." The plain meaning of the words "at public expense" as used in AS 18.85 is that either the public defender agency will pay the attorney's fees if it hires private counsel for a defendant, or the court system will pay if it appoints the private counsel. In any case, it is the state that pays. There is clearly no statutory authorization for assessing other non-parties for the fees of an indigent defendant for whom the court appoints counsel.

■ ALSC is a non-profit corporation organized under AS 10.20. It receives most of its funding from Legal Services Corporation, also a non-profit corporation, although created by a federal act. ALSC does not have a general legal duty to provide lawyers to indigents in the same sense as the court system and the public defender agency do.

■ The trial court clearly exceeded its authority when it ordered Alaska Legal Services to pay the fees of defendant's court-appointed counsel. While the court may be authorized to appoint counsel in this case, an issue which we do not decide, by appointing private counsel to represent the indigent defendant, the judge obligated the court system to pay for the attorney's serv-

ices. The statute makes no provision for requiring anyone else to reimburse the state when the court system pays for appointed counsel.

The judgment below must be reversed. REVERSED.

BOOCHEVER, J., not participating.

---

not the question. The question is whether this was an order that the judge had the authority to make in the first place. An invalid order is unenforceable regardless of Civil Rule 71.