**Walter W. FIROR, Appellant,**

v.

**Betty Lou FIROR, Appellee.**

No. 5493.

Supreme Court of Alaska.

Aug. 21, 1981.

James D. Oswald, Asst. Public Defender, Brian Shortell, Public Defender, for appellant.

Max F. Gruenberg, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.

### OPINION

MATTHEWS, Justice.

Walter W. Firor failed to make "rehabilitative alimony" payments as required by the terms of a property settlement incorporated into his divorce decree. Betty Lou Firor obtained two separate default judgments, totaling $15,626.00, for the arrears.

Mrs. Firor brought a motion in superior court seeking to have Mr. Firor held in contempt of court. A hearing to show cause why he should not be held in contempt was convened before a standing master on May 12, 1980.

Mr. Firor appeared. He was not told that he had the right to have an attorney, or that one would be provided him if he could not afford one. He was advised that a finding of contempt could result in a jail term of up to six months, that he had the right to a jury trial, and that he had the right to remain silent. He stated that he would proceed without a jury. After Mrs. Firor's attorney established that payments had not been made, Mr. Firor testified. He stated that he had been unemployed for two years, being supported by his roommate. He testified that he owned no property and had insufficient income to pay the alimony. He said that he had not sought regular employment because "I have so many judgments against me . . . there's no way I could ever make a dime."

The master stated that he would recommend that Mr. Firor be found in contempt

because he had not sought employment, relying on *Houger v. Houger*, 449 P.2d 766 (Alaska 1969), and that he would recommend a thirty day jail term. Mr. Firor at that point asked, "Can I get appointed a legal attorney?" The master thereupon appointed the public defender to represent Mr. Firor.

Mr. Firor's attorney filed objections to the master's report, citing jurisdictional, constitutional, and substantive errors of law. A hearing on the objections was held before Judge Carlson on July 28, 1980. At that hearing there was no further testimony on the merits of the show cause motion. Mr. Firor did, however, testify as to his understanding of the events at the prior hearing. His testimony was that he had not understood that the hearing before the master was "an actual court" and that he "thought someplace along the line I'd get appointed an attorney." But, he said, he did not realize that he had the right to an attorney at the proceeding before the master.

After argument, Judge Carlson found that Mr. Firor had waived his right to an attorney, that substantial evidence supported the master's findings and adopted the master's report as the order of the court.

Mr. Firor appeals.

■ It is not contested that Mr. Firor was entitled to an attorney at the show cause hearing on contempt charges. *See Otton v. Zaborac*, 525 P.2d 537, 538 (Alaska 1974). Likewise, counsel for appellee acknowledged in oral argument, correctly in our view, that there was no valid waiver by Mr. Firor of his right to counsel because he was not advised prior to the hearing that he had such a right.

> The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver.

*Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962). The court's finding that a waiver occurred at the hearing was error.

■ Mrs. Firor argues that the proceedings which took place before Judge Carlson have cured the infirmity of the master's hearing. Such an argument would be tenable only if Judge Carlson had set aside the master's report and held an entirely new trial. Instead, however, the court adopted the master's report in its entirety. The trial before the master was the only trial which took place in this case. Because it was conducted in violation of Mr. Firor's right to counsel it must be set aside.[1]

REVERSED AND REMANDED.

BURKE, J., not participating.

---

1. Whether alimony payments may be enforced by contempt proceedings, and whether the master had authority to hear contempt proceedings are not briefed in this appeal. On remand, the parties may wish to address these issues.