**Ruthann Marie COX, petitioner, Respondent,**

v.

**Ricky Lee SLAMA, Appellant.**

**No. C5–83–1255.**

Supreme Court of Minnesota.

Oct. 5, 1984.

Margaret Ann Rossing, Duluth, for appellant.

John K. Carlson, David R. Spear, Pine City, for respondent.

Rebecca H. Frederick, Minneapolis, Linda A. Olup, Edina, Joanne Thatcher Swanson, St. Paul, for MN Bar Assoc.

Thomas L. Johnson, Mark Chapin, Minneapolis, for Hennepin County.

C. Paul Jones, Mark Anderson, Minneapolis, for State Public Defender.

Jean M. Gerval, St. Paul, for MN County Attorneys Assoc.

YETKA, Justice.

For his failure to pay child support, Ricky Lee Slama was ordered to show cause why he should not be held in contempt. Claiming indigence, Slama requested that the trial court appoint a lawyer to represent him. The trial court denied the motion; Slama appealed. The Court of Appeals certified the case to this court.

This case comes to the court on an "agreed statement of the record." The following is a narrative summation of the statement.

After two years of marriage and one child, Ricky Lee Slama and Ruthann Marie Cox dissolved their marriage in 1979. The dissolution decree requires Slama to pay $75 per month for child support. As of May 31, 1983, he owed $975 in arrearages.

Cox signed a non-public assistance application requesting Pine County to assist her in collecting the child support payments. She is now receiving public assistance—A. F.D.C.

Slama has no job, though he apparently works at his parents' farm in lieu of rent. His remaining expenses and debts have been paid by borrowing money from his parents. He was last employed at "JJ's Rec n' Grill" in Sandstone from July 1982 to November 1982. He has looked for work at the State Highway Shop and in the want-ads, but has not registered with the state unemployment office. He owns a 1967 Ford van, which does not run; a 1968 Ford pickup; and a 1977 motorcycle, all mortgaged to the Sandstone Bank.

The issue raised on this appeal is whether the state is required to provide counsel for an indigent person facing a civil contempt charge for failing to make child support payments. We answer the question in the affirmative.

Both the United States and the Minnesota Constitutions guarantee that "[i]n all criminal prosecutions the accused shall enjoy the right to * * * have the assistance of counsel in his defense." U.S. Const. amend. VI; Minn. Const. art. I, § 6. Additionally, both guarantee a right to counsel in cases where lack of counsel could well result in a deprivation of "life, liberty, or property without due process of law." U.S. Const., amend. V & XIV; Minn. Const. art. I, § 7. Courts facing the question of whether appointment is constitutionally required for an indigent civil contempt defendant, however, are split, with a slight majority favoring a constitutional right.[1]

---

1. *Ridgway v. Baker,* 720 F.2d 1409 (5th Cir.1983) (right to counsel); *Cobb v. Green,* 574 F.Supp.

We do not deem it necessary to decide whether a non-custodial parent is entitled to counsel on constitutional grounds. Pursuant to our supervisory powers to ensure the fair administration of justice, we hold that counsel must be appointed for indigent defendants facing civil contempt for failure to pay child support. In *Hepfel v. Bashaw*, this court established the right to counsel in paternity proceedings because "given the present adversary nature of paternity adjudications, there is no better method available to us to protect the important interests involved." 279 N.W.2d 342, 348 (Minn.1979). A paternity defendant's interest is mainly financial: He might have to pay child support; his "estate can also be burdened by the child's claims to inheritance, workers' compensation benefits, and insurance proceeds." *Id.* at 345. There is also a distant threat to the father's physical liberty in the form of possible criminal contempt proceedings if he fails to make child support payments. *Id.* Indigents facing civil contempt charges have their liberty interest in immediate jeopardy. The indigent facing civil contempt has a greater need for a court-appointed attorney than a paternity defendant. We further stated:

> By analogy, the reason for representation, stated in the introduction to the A.B.A. Standards for Criminal Justice, Providing Defense Services (Approved Draft, 1968) at 2, applies to paternity proceedings: "Because society—not the defendant—has selected the adversary system as its choice of mechanism, our deliberate choice of that kind of system, rather than some notion of benevolence or gratuity to the poor, requires that both sides have professional spokesmen who know the rules, *i.e.*, that they be trained lawyers."

*Id.* at 347.

Our reasoning in the *Hepfel* case is persuasive in this case. Moreover, the reasoning applies equally as well to those cases where the custodial parent has private counsel as to where the county attorney represents such parent.

■ We thus hold that the answer to the certified question is in the affirmative. Counsel must be provided, but only under the following conditions:

1. Where the court has either a custodial or a non-custodial parent before it, whether the parent is represented by either the county attorney or private counsel, pursuant to an order to show cause or a contempt citation, and the court reaches a point in the proceedings after the taking of testimony that incarceration is a real possibility, the court shall immediately suspend the hearing.

2. The court shall then determine whether the parent charged with contempt desires counsel and give that parent an opportunity to obtain private counsel or if the parent claims that he cannot afford counsel, the court shall then determine, by applying the standard of indigency as

256 (W.D.Mich.1983) (preliminary injunction preventing imprisonment of parent in Michigan—after *Lassiter*, *Sword* decision in doubt); *Mastin v. Fellerhoff*, 526 F.Supp. 969 (S.D.Ohio 1981) (right to counsel); *Vail v. Quinlan*, 406 F.Supp. 951 (S.D.N.Y.1976), *rev'd on other grounds sub nom. Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (right to counsel); *Otton v. Zaborac*, 525 P.2d 537 (Alaska 1974) (right to counsel); *Andrews v. Walton*, 428 So.2d 663 (Fla.1983) (no circumstances where parent entitled to counsel: if not indigent, can pay support; if indigent, can't be jailed); *McNabb v. Osmundson*, 315 N.W.2d 9 (Iowa 1982) (right to counsel); *Meyer v. Meyer*, 414 A.2d 236 (Me.1980) (no right to counsel); *Rutherford v. Rutherford*, 296 Md. 347, 464 A.2d 228 (1983) (right to counsel); *Sword v. Sword*, 399 Mich. 367, 249 N.W.2d 88 (1976) (no right to counsel); *Duval v. Duval*, 114 N.H. 422, 322 A.2d 1 (1974) (no right to counsel—court has discretion to appoint counsel in a complex case); *State ex rel. Dept. of Human Services v. Rael*, 97 N.M. 640, 642 P.2d 1099 (1982) (no right to counsel); *Hickland v. Hickland*, 56 A.D.2d 978, 393 N.Y.S.2d 192 (1977) (right to counsel); *Jolly v. Wright*, 300 N.C. 83, 265 S.E.2d 135 (1980) (no right to counsel); *Schock v. Sheppard*, 7 Ohio App.3d 45, 453 N.E.2d 1292 (1982) (right to counsel); *Commonwealth ex rel. Brown v. Hendrick*, 220 Pa.Super. 225, 283 A.2d 722 (1971) (right to counsel); *Ex parte Wilson*, 559 S.W.2d 698 (Tex.Civ.App.1977) (no right to counsel); *Tetro v. Tetro*, 86 Wash.2d 252, 544 P.2d 17 (1975) (right to counsel); *Brotzman v. Brotzman*, 91 Wis.2d 335, 283 N.W.2d 600 (Wis. Ct.App.1979) (right to counsel).

enumerated in Minnesota Rules of Criminal Procedure 5.02, subd. 3, whether the parent is, in fact, indigent.

3. If the court determines that the parent is indigent, it shall provide counsel to such parent. The local units of government shall determine how to provide such counsel in accordance with local practice.

4. After appointment of counsel, the court shall conduct a trial *de novo* on the question as to whether the parent is, in fact, in contempt.

5. Counsel so appointed for such parent shall represent his client in the contempt proceedings and those narrow, ancillary issues related to contempt only. He shall not represent such parent in other issues related to the dissolution of the marriage.

Reversed and remanded.