691 S.E.2d 470

**Rebecca PRICE, Respondent,**

v.

**Michael D. TURNER, Appellant.**

No. 26793.

Supreme Court of South Carolina.

Submitted Feb. 4, 2010.

Decided March 29, 2010.

Derek J. Enderlin, of Ross and Enderlin, of Greenville, and Appellate Defender Katherine H. Hudgins, of South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Rebecca L. Price, pro se, of Westminster, for Respondent.

Calvin Andrew Carroll, of N. Charleston, Malia N. Brink, of Washington, Stephen J. McConnell, of Meghan, Rohling, Kelly, Dechert, LLP, of Philadelphia, Susan King Dunn, of Charleston, for Amici Curiae, The American Civil Liberties Union Foundation, South Carolina National Office, the Brennan Center for Justice, The National Association of Criminal Defense Lawyers, The National Legal Aid & Defender Association, and the South Carolina Association of Criminal Defense Lawyers.

Chief Justice TOAL.

In this case, Michael R. Turner (Appellant) appeals the family court's order holding Appellant in contempt of court for failure to pay child support. We certified the appeal pursuant to Rule 204(b), SCACR, and affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In January 2008, Appellant appeared in family court on a rule to show cause for failure to pay child support. Appellant was not represented by counsel. At the time of the hearing, Appellant owed nearly six thousand dollars in child support payments and had not made a payment in a year and a half. Appellant testified that his failure to pay was due to incarceration, drug addiction, unemployment, and injury. The court found Appellant in willful contempt of the child support order and sentenced him to twelve months in a detention center, which sentence he could purge himself of and avoid by full payment of his child support arrearage.

Appellant appealed the family court's order to the court of appeals. This Court certified the case pursuant to Rule 204(b), SCACR.

## STANDARD OF REVIEW

A finding of contempt rests within the sound discretion of the trial judge. *Durlach v. Durlach*, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) (citation omitted). Such a finding should not be disturbed on appeal unless it is unsupported by the evidence or the judge has abused his discretion. *Id.*

## LAW/ANALYSIS

Appellant argues the Sixth and Fourteenth Amendments of the United States Constitution guarantee him, as an indigent defendant in family court, the right to appointed counsel before being sentenced to one year imprisonment for civil contempt. We disagree.

The purpose of civil contempt is to coerce the defendant to comply with the court's order. *Poston v. Poston*, 331 S.C. 106, 111, 502 S.E.2d 86, 88 (1998). In contrast, criminal contempt is intended to punish a party for disobedience and disrespect. *Id.* Civil contempt sanctions are conditioned on compliance with the court's order. *Id.* at 112, 502 S.E.2d at 89. Criminal contempt sanctions are unconditional. *Id.* at 111, 502 S.E.2d at 88. Thus, when the court orders imprisonment for contempt, whether the sanction is civil or criminal depends upon whether the sentence is conditional or for a

definite period. *Id.* at 111–12, 502 S.E.2d at 89. A contemnor imprisoned for civil contempt is said to hold the keys to his cell because he may end the imprisonment and purge himself of the sentence at any time by doing the act he had previously refused to do. *Id.* at 112, 502 S.E.2d at 89. This distinction between civil and criminal contempt is crucial because criminal contempt triggers additional constitutional safeguards not mandated in civil contempt proceedings. *See Miller v. Miller,* 375 S.C. 443, 457, 652 S.E.2d 754, 761 (Ct.App.2007).

■■ Here, the family court judge found Appellant in willful contempt of the support order and sentenced him to twelve months in a detention facility, stating, "He may purge himself of the contempt and avoid the sentence by having a zero balance on or before his release."[1] This conditional sentence is a classic civil contempt sanction. Therefore, Appellant is not constitutionally entitled to appointment of counsel.[2]

---

1. This sentence is statutorily permitted by S.C.Code Ann. § 63–3–620, which provides for, among other penalties, imprisonment for up to one year for contempt of court.

2. We recognize that in holding a civil contemnor is not entitled to appointment of counsel before being incarcerated we are adopting the minority position. Several jurisdictions have held that appointment of counsel is not constitutionally required before a civil contemnor may be incarcerated. *See Andrews v. Walton,* 428 So.2d 663 (Fla.1983) (holding due process did not require appointment of counsel in civil contempt proceeding where father had ability to pay but willfully refused to do so); *Meyer v. Meyer,* 414 A.2d 236 (Me.1980) (finding a defendant in family court is not entitled to appointment of counsel before being jailed for civil contempt for nonsupport); *Duval v. Duval,* 114 N.H. 422, 322 A.2d 1 (1974) (holding court has discretion to appoint counsel in nonsupport civil contempt hearing, but is not constitutionally mandated); *State ex rel. Dep't of Human Servs. v. Rael,* 97 N.M. 640, 642 P.2d 1099 (1982) (holding due process does not require appointment of counsel in all cases of civil contempt for nonsupport). The majority of courts that have considered this issue have determined indigent defendants do have a right to appointment of counsel before being incarcerated for civil contempt. *See e.g., Walker v. McLain,* 768 F.2d 1181 (10th Cir.1985); *Sevier v. Turner,* 742 F.2d 262 (6th Cir.1984); *United States v. Bobart Travel Agency, Inc.,* 699 F.2d 618 (2d Cir.1983); *Henkel v. Bradshaw,* 483 F.2d 1386 (9th Cir.1973); *Johnson v. Zurz,* 596 F.Supp. 39 (N.D.Ohio 1984); *Ex parte Parcus,* 615 So.2d 78 (Ala.1993); *Black v. Div. of Child Support Enforcement,* 686 A.2d 164 (Del.1996); *May v. Coleman,* 945 S.W.2d 426 (Ky.1997); *Rutherford v. Rutherford,* 296 Md. 347, 464 A.2d 228 (1983); *Mead v. Batchlor,* 435 Mich. 480, 460

146

## CONCLUSION

We hold that Appellant does not have a constitutional right to appointed counsel before being incarcerated for civil contempt for nonsupport. Because Appellant may avoid the sentence altogether by complying with the court's previous support order, he holds the keys to his cell door and is not subject to a permanent or unconditional loss of liberty. We affirm the family court's ruling.

BEATTY, KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in result only.

---

N.W.2d 493 (1990); *Cox v. Slama,* 355 N.W.2d 401 (Minn.1984); *McBride v. McBride,* 334 N.C. 124, 431 S.E.2d 14 (1993); *State ex rel. Gullickson v. Gruchalla,* 467 N.W.2d 451 (N.D.1991); *Pasqua v. Council,* 186 N.J. 127, 892 A.2d 663 (2006); *Russell v. Armitage,* 166 Vt. 392, 697 A.2d 630 (1997); *Tetro v. Tetro,* 86 Wash.2d 252, 544 P.2d 17 (1975). However, we are persuaded that the minority position held by Florida, Maine, New Hampshire, and New Mexico is sound and in keeping with controlling precedent.