# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Gantz, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 2180 C.D. 2015 |
| | : | Submitted: May 6, 2016 |
| Nancy Giroux, Dante Battles, et al. | : | |

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: July 13, 2016**

John Gantz (Gantz), representing himself, appeals from an order of the Court of Common Pleas of Erie County (trial court) dismissing his writ of habeas corpus *ad subjiciendum*[1] (Petition) because he did not appeal the legality of his sentence, and he was no longer in custody under the sentence he challenged. Gantz argues the trial court erred in determining it was a prerequisite to directly appeal his sentence and in considering his Petition an untimely request for post-conviction relief under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9579 (PCRA). He asserts the trial court erred in finding he was not in custody at the time he filed the Petition, such that the trial court was unable to grant habeas relief. In addition, Gantz claims he was entitled to a hearing prior to dismissal. Discerning a proper basis for dismissal below, we affirm.

---

[1] "A writ of habeas corpus *ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" Pew v. Mechling, 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting BLACK'S LAW DICTIONARY 715 (7th ed. 1999)).

## I. Background

Gantz is an inmate currently incarcerated in State Correctional Institution at Albion (SCI-Albion)[2] as a convicted parole violator. In March 2015, he entered a guilty plea to fleeing or attempting to elude, disorderly conduct and careless driving, docketed at No. 2622 of 2014 in the criminal division of the trial court (sentencing court). At the time of this plea, he was on state parole under the supervision of the Pennsylvania Board of Probation and Parole (Board).

On April 28, 2015, the sentencing court sentenced Gantz to 11½ to 23 months in the county prison, followed by 12 months of probation (Erie Sentence). Gantz did not appeal the Erie Sentence to the Superior Court.

The sentencing court issued an order paroling Gantz on June 18, 2015. The Department of Corrections (DOC) then took him into custody for violating his parole on his pre-existing conviction for theft of movable property, for which he was sentenced to nine months to five years (Warren Sentence).

Gantz filed the Petition in October 2015, while in custody on the Warren Sentence. However, the Petition challenged the Erie Sentence, stating he was currently serving a sentence as to "No. 2622 of 2014." Certified Record (C.R.), Item No. 9 (Petition at 2).

---

[2] Nancy Giroux is the Superintendent at SCI-Albion. Dante Battles, another named Appellee, is identified as the "[h]ead of Erie County Probation/Parole." Certified Record, Item No. 9.

Based on the public docket, the trial court dismissed the Petition. Specifically, the trial court stated the Petition requested a "release from custody" under the Erie Sentence, when Gantz did not take a direct appeal from that sentence. C.R., Item No. 12. Additionally, the trial court noted Gantz was not in custody on the Erie Sentence as of his parole date, June 18, 2015. Gantz appealed. As directed by the trial court, Gantz filed his statement of errors complained of on appeal, listing multiple errors.

In its Pa. R.A.P. 1925(a) opinion, the trial court consolidated Gantz's list into three assignments of error as follows: (1) error in requiring a direct appeal in order to challenge the legality of his sentence;[3] (2) error in concluding Gantz was not in custody; and, (3) error in not holding a hearing. The trial court reasoned the Petition was improperly titled a "writ of habeas" when relief from a sentence must be raised in a PCRA petition, within one year. It found the matter moot because Gantz was no longer in custody under his Erie Sentence; instead, he was in custody as a convicted parole violator on his Warren Sentence. Because Gantz was not serving the Erie Sentence, the trial court concluded it lacked authority to grant relief. The trial court explained a hearing was unnecessary because it was able to resolve the issues on the record.

---

[3] In context, the trial court appears to be referring to the Erie Sentence.

## II. Discussion

On appeal,[4] Gantz argues the trial court erred in concluding he was required to file a direct appeal before challenging the legality of his sentence in the Petition. He asserts he may challenge the sentence as void because he was confined without proper authority. He also contends he was "in custody" when paroled from his Erie Sentence. Appellant's Br. at 28. In addition, Gantz claims he was entitled to a hearing on his Petition. Appellees did not file a brief.

### A. Habeas Relief

Section 6503(a) of the Judicial Code provides that, "[e]xcept as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever." 42 Pa. C.S. §6503(a). The exception in subsection (b) specifies that, "[w]here a person is restrained <u>by virtue of a sentence after conviction for a criminal offense</u>, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa. C.S. §6503(b) (emphasis added).

The PCRA provides "an action by which … persons serving illegal sentences may obtain collateral relief." 42 Pa. C.S. §9542. PCRA petitions constitute the "sole means of obtaining collateral relief and encompass[] all other common law and statutory remedies for the same purpose … including habeas corpus." <u>Id.</u> Habeas corpus "is an extraordinary remedy that is available after

---

[4] Our review as to matters of law is plenary. <u>Skipworth by Williams v. Lead Indus. Ass'n, Inc.</u>, 690 A.2d 169 (Pa. 1997); <u>Gardner v. Capozza</u> (Pa. Cmwlth., No. 2282 C.D. 2015, filed May 6, 2016) (unreported), 2016 WL 2610006 (affirming trial court's dismissal of writ).

other remedies have been exhausted or are ineffectual or non-existent." Dep't of Corr. v. Reese, 774 A.2d 1255, 1260 (Pa. Super. 2001). Accordingly, the PCRA subsumes the writ of habeas corpus where it provides a remedy for the petitioner's claim. Com. v. Hackett, 956 A.2d 978 (Pa. 2008).

From the foregoing authority, it is clear that habeas relief is not available to Gantz to challenge his Erie Sentence. Rather, a direct appeal of the Erie Sentence and an action under the PCRA were his remedies. He timely pursued neither.

Gantz contends habeas corpus offers the only remedy because the PCRA does not apply to him. He argues he was incarcerated after being paroled from the Erie Sentence without being sentenced *after* a conviction as the PCRA requires. Therefore, his return to custody constitutes an illegal sentence. His contention is based on a misapprehension of the cause for his return to custody.

The basis for Gantz's confinement is not the Erie Sentence; instead, the basis for his confinement is his parole violation of the Warren Sentence. Any remedy to Gantz's ongoing confinement must therefore focus on the legality of the Warren Sentence or the process of revocation of parole from that sentence. Gantz does not state a claim for either in his current appeal.[5]

---

[5] Gantz challenged his recommitment in another proceeding before this Court. See Gantz v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 2614 C.D. 2015).

5

The Prisons and Parole Code (Code)[6] provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted, he must serve the remainder of the term on his original sentence, which he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1).

Gantz was required to serve his Erie Sentence (the new sentence) before he continued serving his Warren Sentence (the original sentence). Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980); see also Serrano v. Pa. Bd. of Prob. & Parole, 672 A.2d 425 (Pa. Cmwlth. 1996). At the time the trial court considered his Petition, Gantz was already paroled from the Erie Sentence, and recommitted to serve his Warren Sentence. See Calloway v. Pa. Bd. of Prob. & Parole, 857 A.2d 218 (Pa. Cmwlth. 2004) (when an inmate is administratively paroled from one sentence to another sentence rather than released, he has been constructively paroled). Although Gantz remained "in custody" when he filed his Petition, the Erie Sentence that he challenged in the Petition was not the basis for his confinement.

In addition to the procedural problems arising from Gantz's request for habeas relief from his Erie Sentence, Gantz fails to state a substantive basis for relief. In the Petition, Gantz seeks relief from an illegal sentence that is based on "non-positive law." C.R., Item No. 9 (Petition at 5). He claims there was no

---

[6] 61 Pa. C.S. §§101-7123.

6

proper legal authority for his Erie Sentence because the statutes cited in the criminal information were not part of the codified statutes. Instead, each of the crimes underlying his conviction was cited as a "P.S." Id. (Petition at 3 (underlined emphasis in original; citing statutes underlying Erie conviction, 75 P.S. §3733, 75 P.S. §3714, 18 P.S. §5503)).

In support of this argument, Gantz relies heavily on the Superior Court's decision in Commonwealth v. Stultz, 114 A.3d 865 (Pa. Super. 2015). Stultz arose in the context of the PCRA, after the defendant appealed the sentence at issue. There, the defendant filed a PCRA petition challenging the legality of his sentence on several grounds, including that the statutes the sentencing court cited did not constitute proper legal authority. Because he was charged under violations of criminal law that are "P.S.," the defendant argued they were not a proper legal authority, and the sentence was void on that basis. The Superior Court rejected that argument. Rather, the Court explained that failing to cite a statute does not result in a sentence being illegal where the court had authority to sentence the defendant. Nevertheless, Gantz makes the same argument here.

Like the defendant in Stultz, Gantz states the criminal information and the sentencing order contain uncodified statutes that are not proper legal authority. That statutes are uncodified does not mean they lack legal effect as Gantz suggests. Appeal of Tenet Health Sys., Bucks Cnty., 880 A.2d 721 (Pa. Cmwlth. 2005) (explaining difference between codified and uncodified statutes).

7

In sum, Gantz's Petition challenges only his Erie Sentence. Gantz does not challenge the basis for his current detention, the Warren Sentence and the revocation of his parole from that sentence. Gantz was detained as a convicted parole violator under the Code, which constitutes proper legal grounds for his confinement. Therefore, for both procedural and substantive reasons, his Petition does not state a basis for habeas relief from the Erie Sentence.

## B. Custody

Next, Gantz asserts the trial court erred in holding he was not in custody, such that it was unable to grant relief. As explained above, although Gantz remained in custody, he was not in custody on the sentence he challenged.

A court may not grant relief when an inmate is no longer in disciplinary custody. Com. v. Smith, 486 A.2d 445 (Pa. Super. 1984). This Court recognized habeas relief is not available when the challenged confinement has ended. Bailey v. Wakefield (Pa. Cmwlth., No. 1165 CD 2007, filed August 12, 2008) (unreported), 2008 WL 9398644.[7]

Here, the challenged confinement was the Erie Sentence. Because Gantz was no longer confined based on that sentence, his challenges to the legality of that sentence are moot. As a result, the trial court did not err in dismissing the Petition.

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code §69.414, an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value.

8

## C. Hearing

Lastly, we consider Gantz's claim that the trial court was required to hold a hearing prior to dismissal. We discern no error by the trial court in this regard because the Petition did not raise issues of fact.

"A habeas corpus court, in determining whether a petition for a writ requires a hearing, must accept as true all allegations of fact contained in the petition which are non-frivolous, specific, and not contradicted by the record …." Com. ex rel. West v. Myers, 222 A.2d 918, 920 (Pa. 1966). "Grounds for denial of a [w]rit of [h]abeas [c]orpus, without a hearing, include frivolous petitions, petition[s] clearly refuted by the record and petitions which raise legal questions that can be determined by the pleadings." Com. ex rel. Brown v. Hendrick, 283 A.2d 722, 724 (Pa. Super. 1971). A hearing is not required when there is no issue of fact to be decided. Com. v. Judge, 916 A.2d 511 (Pa. 2007).

Gantz did not raise any issues of fact that required an evidentiary hearing. Id. There was a legal basis for dismissal because the Petition did not challenge the basis for his confinement. As a result, the trial court did not err in dismissing the Petition without a hearing.

## III. Conclusion

For the foregoing reasons, we affirm.

ROBERT SIMPSON, Judge

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Gantz, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 2180 C.D. 2015 |
| | : | |
| Nancy Giroux, Dante Battles, et al. | : | |

## **O R D E R**

**AND NOW**, this 13th day of July, 2016, the order of the Court of Common Pleas of Erie County is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge