This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHARLOTTE CONGER**
**and SARA B. STUART,**

  **Plaintiffs-Appellees,**

 **vs.**         **No. 34,848**

**KATHLEEN JACOBSON,**

  **Defendant-Appellant**.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Charlotte Conger
Sara Stuart
Santa Fe, NM

 Pro Se Appellees

Kathleen Jacobson
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**     Defendant-Appellant Kathleen Jacobsen (Appellant) appeals, in a self-represented capacity, from the district court's issuance of a permanent injunction in favor of Plaintiffs-Appellees Charlotte Conger and Sara B. Stuart (Plaintiffs). [DS 1; RP 52] This Court issued a notice proposing to affirm. Appellant has filed a memorandum opposing this Court's proposed disposition. Having given due consideration to Appellant's arguments in opposition, we affirm.

**{2}**     First, Appellant contends that our proposed disposition is in error because we relied upon false statements made on the record by Plaintiff Charlotte Conger before the district court, which Appellant contends constitute perjury by Plaintiffs. [MIO unnumbered 2-3] Claims of perjury, a criminal offense, are not properly before us, particularly where such claims were not adequately raised and developed below. *See* UJI 14-2501 NMRA (setting forth the essential elements to obtain a conviction for perjury); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). To the extent Appellant is raising a credibility concern, this Court does not assess credibility. *See Sanchez v. Molycorp, Inc.*, 1985-

NMCA-067, ¶ 21, 103 N.M. 148, 703 P.2d 925 ("[I]t is a matter for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements, and decide the true facts.").

{3} In further support of her contention, Appellant specifically asserts that she did not try to prevent the inspectors, the Plaintiffs, who were at her apartment, from leaving the property. [MIO unnumbered 2] Appellant was entitled to present her version of the facts to the district court, but as noted above, it was within the purview of the district court to resolve any conflicts in the testimony. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). As discussed in our notice, substantial evidence was presented in support of the district court's determination. [CN 3-4] If substantial evidence exists to support the district court's grant of the permanent injunction, an appellate court will not disturb that decision. *See Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶ 8, 128 N.M. 611, 995 P.2d 1053 ("If there is substantial evidence to support the trial court's decision, we will not disturb that decision on appeal.").

{4} Finally, we turn to Appellant's contention that she needs legal representation in the current matter. [MIO unnumbered 2] "The sixth amendment right to counsel

guarantee applies only to criminal prosecutions." *State ex rel. Dep't of Human Services v. Rael*, 1982-NMSC-042, ¶ 4, 97 N.M. 640, 642 P.2d 1099. In a civil proceeding such as the present matter, Appellant was not entitled to the appointment of counsel to represent her. Accordingly, we see no basis for error.

{5}      For the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court.

{6}      **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**