This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-40165

**RICKY JOE JUAREZ; NIEVES ORTEGA; TRAMAINE JERNIGAN; MICHAEL J. PADILLA; DAVID S. PETERSON; CHRISTOPHER DEE; ORLANDO SINTAS; FRANCISCO MARTINEZ; JAMAL YOUNG; IVAN MILLES; STEVEN GILKEY; GARY ROYBAL; JUAN P. ALICEA; JOSEPH CHAVEZ; RONALD R. YAZZIE; ALISHA FLORENCE; MERLE CLAY EDAAKIE, JR.; SHAWN PAUL LOYD; THOMAS BAHNEY; JASON A. COHOE; GABRIEL GASPER; VALERIE DEE; ANGELA GASPER; RITA JOLLY; EDDY GARCIA; ALLAN HURLEY; LYDIA ROYBAL; JOSEPH M. BROWN; LARRY M. BEACH; MICHAEL CONTRERAS; VICENTE BACA; RAYMOND E. LUCERO; AGUAPITO ARUJO; CORRINA ARUJO; DANIEL ROYBAL; MIGUEL G. SILVA; JORGE LUIS SOTELO; GERALD MONTANO; JENNIFER JUAREZ; WALTER SCOTT FINNELL; WILLIAM MATER; ADAM T. MCVEAY; VALDA J. TUETKEN; NATHAN TAYLER; RAYMOND M. WARD; GARY SHEPHERD; DAVID BENAVIDEZ; TYRONE BOOTH; RUBEN LUCERO; JAMES A. MIERITZ; GERONIMO VIGIL; MICHAEL CLAYTON; NIC AKER; JOSEPH A. GARNER; ADRIAN JEROME GRIMES; JOE CARABAJAL, JR.; TYRONE VAUGHN; CASKA ROBERTSON -LITTLE; ALBERTO G. ROBLES; ALVIN MARTIN, JR.; LARRY PONE; JEREMY HICKS; GAR MEDINA; JOSH ADAMS; LOUIS MONTOYA, JR.; ANDREA HERNANDEZ; VICTOR MONTOYA; JAIME ORTEGA; JEFF GALLEGOS; ALVIN F. MARTIN, SR.; ALBERT LOUIS MONTOYA; STEPHEN E. VALENZUELA; DIANA MAESTAS; LAVERN MAESTAS; JUSTIN EUGENE HATCH;**

JEFF HOOGERHUIS; JACOB M. GONZALES; MARQUISE ELIZONDO; JULIAN TAFOYA; GERARD B. PARVILUS; CHRISTOPHER FREED; JOSE AVILA; STEPHEN ALVAREZ; DANIEL GLOVER; STEWART P. RODRIGUEZ; RORY SANTISTEVAN, SR.; HECTOR SERNA; FREDDIE SERRANO; MARTY BEGAY; UBALDO CARAVEO; VELLENE EVANS; RAMON GONZALEZ; DIANA CROWSON; ERMINIO ACOSTA; PILAR SALAZAR; CLOYCEVANN SALAZAR; SHILO THOMAS SAVOIE; RICKY GONZALES; ISAAC MONTOYA; PRISCILLA MONTOYA; DANIEL GALLEGOS; JOSHUA JAMES MONTOYA; MICHAEL ARTHUR BROWN; NICHOLAS JAMES JONES; JOHN A. BRINSFIELD; ISAAC LEONARD ROMERO; JESUCITA SALAZAR; ALBERT P. LOPEZ; JOHNNY SALAZAR; JOSE A. GARCIA; ANTHONY P. MERRITT; MOSES INGRAM; JESUS FLORES ORDONEZ; GENE MARTINEZ; ANTHONY TAFOYA; ISAAC MONTANO; ROBERT TENORIO; JOSE A. RIVERA; KENNETH E. TRIGGS; JIMMY BACA; EDWARD ADAMS; JESSE L. GARCIA; CHRISTOPHER MARQUEZ; JOSE GALLEGOS; BETTY HERNANDEZ; JANAE MARQUEZ; ROYLENE WHATLEY; ANTJUAN MCGHEE; JAIME LOPEZ; ANDY M. PEREZ; ANIBAL ORTIZ; MARQUE CHEEKS; JOANN WALLACE; CHRISTOPHER D. PAYTON; LEONEL LOPEZ; BLANCA NEVAREZ; RICHARD H. SIGALA; DAVID COELHO; JOSHUA URIOSTE; CARL M. ARAGON; ROBERT F. COLBORN; DANIEL JACOB MARTINEZ; ELMORE KEMP; MICHAEL L. BORNHOLDT; TONY MORALES JR.; JESSE D. BURDEX, JR.; CARL BELL; JAMES SHON WILSON; LARRY LUCERO; THOMAS E. MONTOYA; ALBERT TEGEDA III; BRANDON FLEMMING; ANTHONY L. JIMENEZ; JOHN LABOMBARD, JR.; MELICENDRO MARTINEZ; JEREMY D. SMITH; GEORGE E. MONTOYA, JR.; ISAAC RODRIGUEZ; JUSTIN EASLEY; DANIEL SALAS; ERIKA PADILLA; NICK JASPER; LISA LASTER; AARON REESE; ERIC R. FIERRO; SEAN M. STOLZ; ELRICO S. CUMMINGS; AUGUSTIN F. GRANADO; FRANK GARCIA; SEAN BROUGHTON; CHRISTOPHER HOUSTON; ALLEN BERGERON; JESSE LA-CASSE; ROBERT M. BERTOLA; BRANDON SELF; CARTRELL R. SMITH; EUGENE J. URIOSTE; MICHAEL SHAFFAR; JEREMAIS NIETO; LEROY DOODY, JR.; MARIO RUDOLFO; PAUL VALDEZ; GUJUAN FUSILIER; ROBERT SAIZ; LEONA F. STROTMAN; JOHN MEISTER; KEVIN COATS; SANTIAGO

J. MATA; SHAUN A. BIRD; SEYMOUR BACA; BRADLEY PAUL FECHT; TIMMITHEY STOVER; CHARLES BATES; CHRISTOPHER BROCKERMAN; FABIAN MARTINEZ; JUSTIN CARTER; DARRELL S. WILLIAMS; CORNELIO M. HOLGUIN; ELIODORO MAGANA; HECTOR VEGA; JEREMY WOOD; JOE CASTILLO; AMOS CORPUS; PABLO JOSHUA GONZALEZ; GILBERTO HERNANDEZ; ARTURO MEDINA; PAUL SALAS; ARES BROWN; SALVADOR JARAMILLO; GILBERT SERRANO; RYAN LEWIS; JOSHUA IVERY; JAMES MARTIN; MARIO AGUILERA; JUAN URIBE; ROBERTO GONZALES; ISRAEL PRIMERA; DAVID MARRAH; OSHAY TONEY; FREDDY BACA; DERRICK CANDELARIA; CAMEO TYRELL BONNER; JAIME CARRERA; CHRISTOPHER MONTOYA; CESAR ACEVES; MANUEL CONTRERAS; JESUS MARTINEZ; THOMAS MILLINGTON; FRANK ALVEY; JIMMY SAIZ; GABRIEL MONTOYA; MICHAEL TRUJILLO; RICKY VIGIL; GERALD WILSON; JOSHUA NESTLE; ARMANDO VENEGAS; RICARDO VALDEZ; ERIC RODRIGUEZ; BRIAN SPINDEN; ERNESTO PINEDA; DESI CORDOVA; BEAU MUSACCO; EARL ROMO; FRANCISCO LUJAN; GEORGE VELA; STEVE SWAYNE; ROBERT URIOSTE; JOHNNY RAY VALLEJIO; JUAN RIOS; JOHN R. CASTRO; JAMES ORTEGA; PAUL MARTIN; ED GILCHRIST, JR.; CHRIS SAIS; JESUS MORALES; EDWARD BACA; DONALD R. FAIN; IRVIN PEREZ; JESSE I. CHAVEZ; JUAN MURO; SONNY MELENDREZ; NICHOLAS LOPEZ; CLARENCE RAY PERGESON; PETE ROBERT ROMERO; SHAWN C. PARIS; DANIEL KENOLIO; DAVIS EDDIE WILSON; JEREMY JARAMILLO; MELVIN WRIGHT; RUBEN PERALTA; JUAN I. GUTIERREZ; MARK COCHRAN; SHANNON RAY CRADDOCK; DAVID GUTIERREZ, II; TRINITY JENNIE ROMERO; ANDRES MAJACA; ROBERT ANAYA; STEVAN CHAVEZ; JOHN HOOVER; JAMES JOSEPH LINCK; PETE ROBERT ROMERO; MOSES MENCHACA; NATHAN LENTE GARCIA; PATRICIO LUCERO; DOMINIC CONYERS; DEATHONEY P. BOX; CARL BERRY; JERRY CHAVEZ; SALVADOR ARNOLDO NAVARETTE; RYAN E. KLEIN; ZACHARY KRIESEL; BRYCE FRANKLIN; SANDRA HERNANDEZ; RAMONA AQUINO; PIO AQUINO; LAWRENCE MARQUEZ; CHRISTOPHER COOPER; MICHELLE SALAZAR; JAMES A. SENA, II; ROBERT GLENN EARLEY; ANDREW LUCERO; MARIO SEDILLO; FERNANDO MONTOYA; MICHAEL GARCIA; SHAWN L. JACOBS; RICARDO D. MARTINEZ; RAHMON LEE UECKLER; JARRELL FRAZIER; NICHOLAS

CASTELLANES; ANTHONY MILLIGAN; ARIF ABDULRAFT; ENRIQUE CARMONA; DANA PERGESON; ARTHUR ANAYA; MARK STAAKE; TIJERAREO CASTILLO; RUBEN LOVATO; ANTHONY QUINTANA; DANIEL S. REICHMAN; PETE MACIAS; ADRIAN G. SEDILLO; JORDAN WAYNE HURD; KENTON WARNOCK; ORLANDO FLORES; CHEE LIVINGSTON; MARVIN D. MONTOYA; ROBERT SAMMY BACA; ALREE B. SWEAT, III; JESUS DURAN; DELVIN PAZ JR.; JUAN M. GARCIA; NONA L. MCCRAIG; ANDREW SANTILLANES; TYRONE SMITH; ROBERT V. VASQUEZ; RODOLFO MARTINEZ; SEAN FEURTADO; FARREL WHEELER; RAMON HORTON; SPENSER MERCER PHILLIPS; JOHN MALINS; MICHAEL S. PITTMAN; DARNYLE PIOCHE; KEVIN SUTPHIN; CARLOS M. HERRERA; ROBERT V. GARCIA; ISMAEL TORRES; JUSTINE GILES; TERRILL SMOLAR; TEVON STEVENS; URIAH F. BACA; MARK BRADFORD; JOVANNAH C. SANDOVAL; RAHMON ROBEY; MARCELLA GORE; ISRAEL HERRERA; LARRY JOHNSON; EDWARD JUDE BACA; JARRELL FRAZIER; DALLAS HNULICK; PAUL JOHNSON; DANIEL JOSE AGUILAR; JACOB NICHOLAS; JACKIE HINES; ISABEL PERALTA; HECTOR GARCIA; BERNARDINO T. BACA; TIMOTHY V. MORA; NATHAN MONTOYA; JAVIER PEREZ; JOEY ROSAS; DENNYS MATEO; BARNARDO VALDEZ; MANUEL C. SANCHEZ; LORENZO SALAS; DOMINIC PACK; JESSE LUNA; EDWARD SALAS; JULIUS TONEY; ALEXIS R. ANAYA; JUAQUIN PADILLA; ELOY AGUILAR; JAMES D. PACE; VINCENT VENEGAS; MICHAEL ORTEGA; DANIEL SANDOVAL; MICHAEL GARCIA; RAYMOND LOLLIS; ANH HUYNH; DOMINICK SMITH; ROBERT M. LUCERO; JOSHUA PUENTE; FABIAN ROMERO; STANFORD E. SANDOVAL; ERIC VALDEZ; TERRY JOHNSON; ROGELIO ESPARZA; DYLAN K. RIVERA; DAWN JOHNSON SWEENEY; LOUIS GUERRA; NATHANIEL A. KURTOK; DOMINIC BAILEY; MATTHEW S. TRUJILLO; GABRIEL GONZALEZ; JUSTIN J. MILLER; VINCENT M. ALVAREZ; EDUARDO RAMIREZ; RYAN N. DIMAS; LAWRENCE GALLEGOS; NATHAN LENTE GARCIA; RICHARD K. OTERO; JOSE A. CORRAL; GILBERT M. CORIZ; WALTER S. BEGAY; JUAN SALCIDO; JESSE E. MITCHELL; ROCKY CHAVEZ; ALFONSO RODRIGUEZ; JOHN GROSSETETE; DAVID TOMSIK; ALEJANDO SANDOVAL; DANIEL LOPEZ; JOHN H. ESTRADA; GABRIEL W. CORDOVA; FRANKIE C.

TRUJILLO; ODEN GUTIERREZ; LARRY A. TURNER; JEREMY J. KLINE; WILLIAM MCGHEE; JASON REID; RICHARD BACA; ADAM MISQUEZ; RICHARD BORREGO; ROY A. HOLLIDAY; JOBE A. TOLER; GREGORY MARTINEZ; MANUEL GARDNER; DEMETRIO MUNOZ; LARRY GALLEGOS; JOSEPH L. PHILLIPS; LUIS TRUJILLO; TYLER STROTMAN; PETER P. BACA; FRANK OSBORN; VICTOR A. MONTANO, JR.; BRANDEN M. ADKINS; CHRISTOPHER J. RAINS; ROCKY JOE RAMER; CHRISTOPHER AYALA; JIMMY RAY O'KELLEY; ELMER ESTRADA; THOMAS J. MANNING; ANTHONY WALLACE; DONALD MCCOMAS; LARRY LOPEZ; ALBERT MONCADA; ALFREDO VARGAS; BRYON DAUGHTRY; TIMOTHY H. JOHNSON; GARY STEVENS; JUSTIN TIPTON; CECIL BOYETT; RENE LOBOS; MICHAEL FOX; ANDREA SUTPHIN; JACK RIVERA; ETHAN BILLIE; CHRISTOPHER GAMBLE; MANUEL GUTIERREZ; KEVIN PERKINS; MATTHEW MCCLELLAND; ANTONIO SENA; JEFFERSON PAU; JOE JACOB GONZALES; MARCOS ARAGON; ADAM ROWLEY; MILO BENALLY; NATHAN ROBERTS; DALE DIXON; DANIEL MARTINEZ; MANUEL SILVA; ANTHONY AGUILAR; JESUS NARANJO; CHARLES RICHARDS; JACOB JARAMILLO; DOMEKIO BLACKWELL; JACOB PRIEB; JOSEPH A. MAESTAS; ANGELO RODRIGUEZ; GUSTAVO ALBARENGA; ELI MUNGUIA; JAMES PARMENTIER; AARON ORTEGA; SAMMUEL AQUIAR; MICHAEL A. VALENCIA; JOE RUBEN MONTEZ; DEREK DUARTE; TIMOTHY JARAMILLO; LEO GALINDO; EDUARDO CHAVEZ; DAVIS MCLESKEY; DAMION DAVIS; OCTAVIO PRIETA; GENOVEVO GALLEGOS; LARRY HERNANDEZ; KYLE MENDENHALL; ANTHONY RIVAS; VICTOR ANDREW APODACA, SR.; EARL TIDD; CHRISTOPHER LOVATO; GABRIEL ARMENDARIZ; NICOLES L. DAVIS; DAVID GRIEGO; JUSTIN MUNIZ; GABRIEL J. MONTOYA; COLLEY LAMAR INGRAM; PETER DEAN MENDOZA; LEONARD DAVIS; RONALD SANCHEZ; STEVE M. CASAUS; EDMUNDO RIOS; EUGENE FERRI; CHRISTOPHER J. GARCIA; JUAN M. FLORES; KEVIN VIOLA; TRACY JOHNSON; EDGAR R. THOMAS; CLAYTON W. WHITEHEAD; ALEJANDRO STEELE; VAN LYDELL STARLING; VICTOR JARAMILLO; BRIAN PULLIAM; CHRISTOPHER FERNANDEZ; DUSTIN J. BINGHAM; KEITH BAILEY; FABIAN GALLEGOS; MICHAEL LOZANO; JOSHUA

HERNANDEZ; EUSEBIO JASPER; OSCAR MUNOZ; JULIA GONZALES; NATHANIAL DURAN; CARLOS PANDO; FREDERICK J. WILLIAMS; JESSE LYN BRADLEY; VICTOR PAIZ; EDWARD SOTO MILLER; DONNY MALDONADO; RICHARD REES; SHAUN LOPEZ; ANTHONY ABEYTA; DARIUS GONZALES; JOSE CHAVARRIA; and VINCENT VASQUEZ,

Plaintiffs-Appellants,

v.

SECURUS TECHNOLOGIES, LLC; and NEW MEXICO CORRECTIONS DEPARTMENT,

Defendants-Appellees,

and

JERRY ROARK; JAMES BREWSTER; GREG MARCANTEL; and NEW MEXICO GENERAL SERVICES DEPARTMENT, in substitution for TRAVIS DUTTON-LEYBA

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Court Judge**

David S. Peterson, et al.
Clayton, NM

Pro Se Appellant Representative o/b/o All Pro Se Appellants

Cuddy & McCarthy, LLP
Patricia Salazar Ives
Santa Fe, NM

Norton Rose Rulbright US, LLP
Barton W. Cox
Lara Kakish
Dallas, TX
Peter Siegal
Washington, DC

for Appellee Securus Technologies, LLC

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}**     Plaintiff David S. Peterson appeals pro se on behalf of all but two of the more than 500 Plaintiffs1 who participated in the proceedings in the district court (Plaintiffs). Plaintiffs alleged that an amendment (the Amendment) to a contract between Securus Technologies, LLC (Securus) and the New Mexico Corrections Department (NMCD) to provide inmate calling services (the Securus Contract) wrongfully resulted in a higher per-minute rate for calls. On appeal, Plaintiffs raise multiple issues relating to pretrial and evidentiary rulings, as well as the district court's verdict in favor of Defendants Securus and NMCD (collectively, Defendants). After considering each of Plaintiffs' issues, we find no error and affirm.

**DISCUSSION**

**{2}**     Plaintiffs raise nine issues, which we divide into three categories: pretrial rulings, trial rulings, and issues that Plaintiffs contend the district court did not address. We begin with the pretrial rulings.

**I.     The Pretrial Issues**

**{3}**     Plaintiffs maintain that before trial, the district court improperly (1) dismissed Plaintiffs' claims brought under the New Mexico Unfair Practices Act (the UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019); (2) declined to appoint counsel; (3) limited Plaintiffs' discovery; and (4) denied Plaintiffs' summary judgment motions. To the extent these issues are properly before us, we review motions to dismiss de novo, *see Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71 (noting the standard of review), and we review the discovery rulings and the discretionary denial of counsel for abuse of discretion, *see DeTevis v. Aragon*, 1986-NMCA-105, ¶ 10, 104 N.M. 793, 727 P.2d 558 (explaining that a district court's order "limiting discovery is subject to reversal only upon a showing of an abuse of discretion"); *cf. Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (noting that in a civil case, the defendant "does not have a right to appointed counsel"); *Archuleta v. Goldman*, 1987-NMCA-049, ¶ 25, 107 N.M. 547, 761 P.2d 425 (framing as discretionary the question of appointment of counsel in a civil case).

**A.     The Complaint Did Not State a Claim Under the UPA**

---

1Defendants suggest that Plaintiff Peterson represents "only himself" on appeal. Plaintiff Peterson, however, filed a "Joint Notice of Appeal" and indicated that the appeal was brought by "all Plaintiffs [p]ro [s]e by and through designated lead Plaintiff David S. Peterson," excluding two identified plaintiffs. We view the notice of appeal to mean that Plaintiffs desired to continue as the district court had instructed, with Plaintiff Peterson speaking on behalf of all Plaintiffs who did not request to speak separately but with service being made on each Plaintiff. The parties did not object to this procedure, nor does either party challenge it on appeal. Accordingly, this Court proceeds in the same manner as the district court.

**{4}**     The district court dismissed Plaintiffs' UPA claim for failure to state a claim under Rule 1-012(B)(6) NMRA. In reviewing a dismissal for failure to state a claim, "we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Valdez*, 2002-NMSC-028, ¶ 4. Dismissing a claim under Rule 1-012(B)(6) is appropriate only when "there is a total failure to allege some matter essential to the relief sought." *Saylor v. Valles*, 2003-NMCA-037, ¶ 6, 133 N.M. 432, 63 P.3d 1152.

**{5}**     The UPA prohibits "[u]nfair or deceptive trade practices . . . in the conduct of any trade or commerce." Section 57-12-3. To state a claim under the UPA, a complaint must allege, in relevant part, that "the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 166 P.3d 1091. The district court determined that Plaintiffs did not allege any misrepresentation as required to state a claim under the UPA.

**{6}**     Plaintiffs argued in response to Defendants' motion to dismiss the UPA claim that the Amendment's assertion that rate changes were necessary to comply with an order from the Federal Communications Commission (the FCC Order) was a "lie," "fraud," or "scam" because the FCC Order did not require a raise in rates. *See In re Rates for Interstate Inmate Calling Services*, 30 FCC Rcd. 12763, § 64.6090 (Nov. 5 2015). We cannot agree that the reference to the FCC Order in the Amendment was misleading. The Securus Contract originally provided that inmate phone calls were charged at a flat-rate of 65 cents per twenty-minute phone call. The FCC Order referenced by Plaintiffs in their complaint prohibited charging flat-rates for inmate calling services. *Id.* In light of the FCC Order and the flat rate that was being charged for telecommunications services at NMCD facilities, Securus, and NMCD renegotiated their contract to eliminate the flat-rate scheme. Because the FCC Order mandated that Securus and NMCD amend the manner of charging for phone calls in the Securus Contract, the reference to the FCC Order in the Amendment is not a misrepresentation by Defendants.

**{7}**     On appeal, Plaintiffs raise a new argument, which they contend they could not raise earlier due to limited law library access. Plaintiffs argue that the FCC did not have authority to regulate telephone rates that are set by state statute and that the exemption from the UPA for regulatory proceedings under Section 57-12-7 does not apply. We are not persuaded that Plaintiffs' argument provides a basis for reversal. Plaintiffs' UPA claim was not dismissed based on Section 57-12-7, and further, the question under the UPA is not whether the FCC Order is a valid exercise of the FCC's authority, but whether the parties misrepresented that the FCC Order caused them to amend the Securus Contract by way of the Amendment. Because we have concluded that the FCC Order prohibited flat-rate calling—regardless of whether the FCC Order is a proper exercise of federal authority—the statements in the Amendment citing the FCC Order as the reason for the rate changes were not misleading. As a result, Plaintiffs did not plead an essential element to state a claim under the UPA and dismissal of their UPA claim was proper.

**B.     The District Court Did Not Abuse Its Discretion by Limiting Discovery**

**{8}**     Plaintiffs argue that the district court improperly limited discovery. Generally, "the rules favor allowance of liberal pretrial discovery," but the district court "is vested with discretion in determining whether to limit discovery." *Villalobos v. Bd. of Cnty. Comm'rs of Doña Ana Cnty.*, 2014-NMCA-044, ¶ 16, 322 P.3d 439 (internal quotation marks and citation omitted). Here, the district court limited Plaintiffs' discovery to ten interrogatories and five requests for production after Plaintiffs submitted to Defendants approximately 180 discovery requests. In deciding to limit discovery, the district court reasoned that at that time, more than 200 plaintiffs had joined the lawsuit and it would not be reasonable to allow each of them to serve separate discovery on Defendants. The district court further authorized Plaintiff Peterson to serve discovery on behalf of all Plaintiffs taking into account any suggestions or ideas the other Plaintiffs might have had. Additionally, the district court encouraged the parties to bring any discovery disputes to the court's attention.

**{9}**     On appeal, Plaintiffs argue that these discovery limitations prejudiced them and prevented them from obtaining discovery about "how much it cost Securus to make a telephone call," as well as "how much they were paying for prison security programs provided by Securus" and "who the appropriate Securus employee witnesses were to call to trial to testify about cost issues." Plaintiffs cite *Griego v. Grieco*, 1977-NMCA-018, ¶ 25, 90 N.M. 174, 561 P.2d 36, and argue that Plaintiffs had "a right to examine [D]efendants fully and exhaustively as to all issues in the pleadings." In *Griego*, however, the district court imposed substantive limitations on the subject matter into which the party could inquire, which this Court determined to be an abuse of discretion. *Id.* ¶¶ 21-25. In the present case, the district court exercised its discretion to manage the procedure for discovery by designating Plaintiff Peterson to make the requests and to limit the type and number. The district court's order did not substantively prevent Plaintiffs from seeking the information in discovery that is identified on appeal, and the record indicates that Plaintiffs did not use all of the approved number of discovery requests. Under the circumstances of this case, we see no abuse of discretion by the district court in limiting discovery. *See Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 13, 127 N.M. 446, 982 P.2d 497 (explaining that the district court abuses its discretion when a ruling "is against the facts, logic, and circumstances of the case or is untenable or unjustified by reason").

**C.     The District Court Did Not Erroneously Deny Plaintiffs' Request for Counsel**

**{10}**     Plaintiffs argue that the district court erroneously declined to appoint counsel to represent Plaintiffs in this litigation. In a civil case, however, a party "does not have a right to appointed counsel." *Bruce*, 1999-NMCA-051, ¶ 4 (citing *Archuleta*, 1987-NMCA-049, ¶ 23). When the litigant's liberty interests are not at stake, "appointment of counsel is considered a privilege rather than a right." *Archuleta*, 1987-NMCA-049, ¶ 23. The right to appointed counsel "has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *State ex rel. Dep't of Human Servs. v.*

*Rael*, 1982-NMSC-042, ¶ 9, 97 N.M. 640, 642 P.2d 1099 (internal quotation marks and citation omitted).

**{11}** Plaintiffs concede that the appointment of counsel is a privilege but nevertheless make several substantive points about the need for counsel. The district court recognized that counsel would be helpful and made efforts to find pro bono counsel but was ultimately unsuccessful. In this context, without a legal right to counsel in a civil proceeding, we conclude that the district court did not improperly decline to appoint counsel for Plaintiffs.

**D.     Plaintiffs' Challenges to the District Court's Denials of Summary Judgment Are Not Reviewable by This Court**

**{12}** Plaintiffs argue that the district court improperly denied summary judgment and repeat the substantive arguments that were the basis of their summary judgment motions filed in the district court. The district court denied the motions because it found that disputes of material fact remained. On appeal, "a denial of a motion for summary judgment is not reviewable after final judgment on the merits" because "[i]f a summary judgment motion is improperly denied, the error is not reversible for the result becomes merged in the subsequent trial." *Green v. Gen. Accident Ins. Co. of Am.*, 1987-NMSC-111, ¶ 19, 106 N.M. 523, 746 P.2d 152. Because denials of summary judgment are not reviewable at this stage, we decline to reverse based on any of the district court orders denying summary judgment and instead address Plaintiffs' arguments about the district court's decisions at trial.

**II.     The Trial Issues**

**{13}** Plaintiffs contend that during trial, the district court incorrectly excluded evidence of other contracts and wrongly granted a directed verdict in Defendants' favor. We begin with the evidentiary issue, which we review for abuse of discretion. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 39, 146 N.M. 698, 213 P.3d 1127.

**A.     The District Court Did Not Abuse Its Discretion by Excluding Evidence of Other Contracts**

**{14}** Plaintiffs argue that the district court improperly excluded evidence of three NMCD contracts other than the Securus Contract. Plaintiffs maintain that they were prejudiced by the exclusion of two commissary contracts and the "Duran Consent Decree" because the district court ultimately determined that Defendants negotiated the Amendment in good faith and that Defendants did not violate the duty of good faith and fair dealing. Plaintiffs' citations to the record on appeal do not identify any point at trial where the district court denied the admission of, or testimony about the "Duran Consent Decree." *See* Rule 12-318(A)(3), (4) NMRA (requiring citations to the record). As a result, because Plaintiffs do not demonstrate on appeal that they invoked a ruling from the district court, we decline to consider the "Duran Consent Decree." *See* Rule 12-321(A) NMRA (addressing preservation); *see also State v. Smith*, 2001-NMSC-004, ¶

33, 130 N.M. 117, 19 P.3d 254 (addressing only those claims for which the defendant provided citations to the record).

{15}    Plaintiffs did, however, attempt to question witnesses about two contracts relating to the provision of commissary services to inmates. Plaintiffs maintain that the evidence related to commissary contracts is evidence of habitual "bad faith and dishonest dealing by the NMCD involving its prisoners," which are admissible under Rule 11-406 NMRA. We disagree that Rule 11-406 applies in this circumstance. The rule permits a "habit or routine practice" to be proved by "specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine." Rule 11-406(B). Plaintiffs point to two contracts, one with "Keefe" and one with "Union Supply," and contend that those contracts with two different vendors demonstrate the same bad faith and dishonest deficiencies regarding the same commissary services. The authority Plaintiffs cite further did not involve the type of evidence at issue here. For instance, in *Schneider National, Inc. v. New Mexico Taxation and Revenue Department*, 2006-NMCA-128, 140 N.M. 561, 144 P.3d 120, this Court considered affidavits establishing an individual's consistent routine for mailing documents as circumstantial evidence that the documents were received. *Id.* ¶¶ 19-20; *see also Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶¶ 38, 43, 326 P.3d 50 (considering evidence of routine practice for delivering a "hard copy" of lab results). *Schneider* provides no basis for us to conclude that a party's assertion that one or more contracts were negotiated or enforced in bad faith is sufficient to establish that the contract is admissible as a habit or routine practice under Rule 11-406. For these reasons, Plaintiffs have not met their burden on appeal to "clearly demonstrate the district court's error." *See Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 57, 350 P.3d 1205 (internal quotation marks and citation omitted).

## B.    The Evidence Supported the District Court's Verdict

{16}    Plaintiffs argue that the district court erred when it granted Defendants' motion for a directed verdict at the conclusion of Plaintiffs' case in chief. On appeal, Plaintiffs only challenge the district court's findings related to (1) NMSA 1978, Section 33-14-1 (2001) and (2) damages. Because this was "a nonjury trial, the motion for a directed verdict was, in effect, a motion to dismiss under [Rule 1-041(B) NMRA]." *Garcia v. Am. Furniture Co.*, 1984-NMCA-090, ¶ 3, 101 N.M. 785, 689 P.2d 934. In this context, "the trial judge acts as a fact[-]finder who weighs the evidence and passes judgment on whether the plaintiff has proved the necessary facts to warrant the relief asked." *Padilla v. RRA, Inc.*, 1997-NMCA-104, ¶ 17, 124 N.M. 111, 946 P.2d 1122 (internal quotation marks and citation omitted). We therefore review the legal standard employed by the district court de novo, *see Williams v. Mann*, 2017-NMCA-012, ¶ 25, 388 P.3d 295, and we will affirm "so long as the decision of the trial judge is rationally based on the evidence," *Padilla*, 1997-NMCA-104, ¶ 17. Plaintiffs focus their arguments on the adequacy of evidence in support of their claims, and so we consider whether the evidence presented at trial supports the district court's determination that the material facts of the case were uncontroverted with respect to both Section 33-14-1(A) and damages. *See Williams*, 2017-NMCA-012, ¶ 25.

**{17}** Turning first to Section 33-14-1(A), there are two requirements for telecommunications contracts subject to this statute: (1) the telecommunications services must meet the technical and functional requirements of the correctional facility; and (2) the services must be provided at the lowest cost of service. *Id.* The trial testimony supported a finding that the Amendment met both requirements. As to the first requirement, former general counsel for NMCD testified that before approving the Amendment, he conducted internet research to confirm that the additional security features included in the amendment were in compliance with the needs of NMCD. As to the second requirement—the requirement that Plaintiffs primarily contest—the former Secretary of Corrections testified that he instructed NMCD employees to "negotiate for the best possible set of services at the lowest possible cost to inmates," and Securus's vice president of sales stated that he believed that Securus offered NMCD the lowest cost of services possible at 8 cents per minute and that a lower rate for the services provided was not available. All three of these witnesses were called by Plaintiffs, but none of the witnesses gave any testimony to support Plaintiffs' position that the Amendment to the Securus Contract violated Section 33-14-1(A).

**{18}** Plaintiffs argue that different evidence in the record "proves better rates were available." Plaintiffs refer to examples of lower rates paid at a New Mexico facility outside of NMCD (i.e., Bernalillo County Metro Detention Center) and at various out-of-state facilities. But Plaintiffs did not introduce any evidence to show that these lower rates were available to NMCD or that those services met the technical requirements element of Section 33-14-1(A). Because Plaintiffs did not offer any evidence to prove that the Amendment to the Securus Contract did not comply with Section 33-14-1(A), and in fact produced witnesses that testified that it did, we hold that the record evidence supports the district court's verdict.

**{19}** We turn next to the issue of damages. To support an award of damages, the "proof offered must be of a nature to enable reasonable ascertainment, and cannot be based on speculation or guesswork." *Louis Lyster, Gen. Contractor, Inc. v. Town of Las Vegas*, 1965-NMSC-097, ¶ 9, 75 N.M. 427, 405 P.2d 665. A judgment of damages cannot stand "where the only evidence pointed out in support of such a judgment is on the basis of a rough estimate." *Id.* ¶ 8 (internal quotation marks omitted); *see* UJI 13-843 NMRA (instructing that for damages in contracts, the jury's "verdict must be based upon proof, and not upon speculation, guess, or conjecture"). In its final judgment, the district court ruled that "no [p]laintiff presented any evidence of the monetary damages he or she claims," but Plaintiffs argue that they did present evidence of damages at trial. We agree with the district court and hold that the evidence presented by Plaintiffs at trial was too speculative to support any finding of damages.

**{20}** At trial, Plaintiffs called two witnesses to testify as to damages. Their testimony was based on the mathematical difference between a minute-by-minute calculation of the cost of calls that were charged at a flat rate for twenty minutes under the Securus Contract and the per-minute cost after the new rates came into effect. Neither witness could testify about the specified length or number of phone calls actually made or about amounts Plaintiffs paid for calls that were made. The district court, therefore, had no

reasonable basis on which to calculate damages for these—or any other—Plaintiffs with any certainty. As a result, the district court did not err in finding that Plaintiffs did not present evidence to support monetary damages suffered by Plaintiffs.

## III.    The Issues That Plaintiffs Contend Were Not Addressed

**{21}**    Plaintiffs additionally argue that the district court improperly did not rule on Plaintiffs' request to certify a class action, Plaintiffs' claim under Section 33-14-1(B), and a constitutional argument. We decline to address Plaintiffs' argument regarding class action certification, because "[a]ny attempt at such an analysis is not necessary to our decision" and would not affect the district court's final order dismissing the underlying causes of action. *See Rodriguez v. Brand W. Dairy*, 2015-NMCA-097, ¶ 7, 356 P.3d 546; *see also City of Las Cruces v. El Paso Elec. Co.*, 1998-NMSC-006, ¶ 18, 124 N.M. 640, 954 P.2d 72 (explaining that this Court avoids "rendering advisory opinions").

**{22}**    Plaintiffs also argue that the district court did not address whether the Securus Contract violated Section 33-14-1(B), which prohibits "[a] contract to provide inmates with access to telecommunications services in a correctional facility or jail" from "includ[ing] a commission or other payment to the operator of the correctional facility or jail based upon amounts billed by the telecommunications provider for telephone calls made by inmates in the correctional facility or jail." Plaintiffs contend that Defendants repeatedly admitted that the Securus Contract violated Section 33-14-1(B) because the higher telephone rate included the cost of telephone security features, which Plaintiffs maintain is a "commission or other payment" to the correctional facility. As fact-finder, however, the district court was free to reject this construction of the evidence, and the evidence in the present case supports such a determination. *See Jones v. Augé*, 2015-NMCA-016, ¶ 50, 344 P.3d 989 (reviewing the record to determine whether the district court's implicit rejection of a party's argument was supported by substantial evidence). While the testimony clearly supported a finding that the per-minute telephone rate paid by inmates and their families included the cost of the additional security features for the telephone system, no evidence suggested that the correctional facility received a commission or other payment from the amounts billed by Securus for calls made by inmates. To the contrary, inmates or their families pay Securus directly for calls, and the Securus witness testified that it pays no percentage of the fees to NMCD. To the extent that Plaintiffs argue that the additional security features benefitted NMCD and therefore constitute improper commissions, Plaintiffs do not cite any authority to support the proposition that, in the absence of any receipt of fees by NMCD, these necessary security features could in and of themselves constitute a commission or payment disallowed by Section 33-14-1(B). *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that an appellate court need not consider propositions that are not supported by citations to authority).

**{23}**    We last address Plaintiffs' argument that the district court improperly did not decide claims under the New Mexico Constitution, specifically, N.M. Const. art. VIII, § 9, even though the issue was raised on summary judgment and in a motion to amend the pleadings at the close of Plaintiffs' evidence at trial. Specifically, Plaintiffs maintain that

the New Mexico Constitution prohibits the levy of any tax or assessment "by any unelected branch of government," that NMCD is an unelected branch of government, and that including the cost of telephone security within the per-minute cost of a call is a tax or levy imposed by NMCD—an unelected branch of government. Plaintiffs, however, did not plead a constitutional claim in the complaint, nor did the district court permit amendment of the complaint during trial, despite Plaintiffs' request. We therefore cannot fault the district court for not adjudicating a constitutional claim on summary judgment or at trial. As a result, we decline to reverse on this basis.

**CONCLUSION**

**{24}**   For the reasons stated herein, we affirm.

**{25}   IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**